UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANJAKNIE ROUNDTREE-McCROREY, *Plaintiff*, <br><br> v. <br><br> DEPARTMENT OF CHILDREN AND FAMILIES *et al.*, *Defendants*. | No. 3:22-cv-483 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Anjaknie Roundtree-McCrorey has filed *in forma pauperis* a *pro se* complaint against the Connecticut Department of Children and Families, Nichole Stewart, Sarah Gates, and Gene P. Doe. But because it appears that the complaint fails to allege facts giving rise to a plausible ground for relief, the Court shall require Roundtree-McCrorey to file an amended complaint or a response by **May 5, 2022** explaining why the complaint should not be dismissed.

### BACKGROUND

Roundtree-McCrorey accuses the Department of "neglect" and "abuse."[1] She claims that the Department did "no[t] compl[y] with [her children's] an[n]ual doctor's visits" and that "no action was made to take the children for their [visits]."[2] She adds that her children had appointments, but that the appointments were cancelled and not rescheduled. And she says that "multiple parties were notified" of her children's needs, but that her children were "intentionally neglected."[3]

---

[1] Doc. #1 at 2–3.
[2] *Ibid*.
[3] *Id*. at 3.

1

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To be sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Roundtree-McCrorey may promptly respond or file an amended complaint that addresses these concerns.

I have two concerns about Roundtree-McCrorey's complaint. First, she has not explained why the Court has jurisdiction over her lawsuit. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Yet Roundtree-McCrorey's complaint does not have that. Under the "Jurisdiction" section of the form complaint that she filed, it simply states "Connecticut."[4] But "jurisdiction," in this context, means the source of the Court's power to hear her case—not simply where she lives or where the events took place.

Nor can I infer a plausible source of my jurisdiction from the rest of the complaint. The complaint does not appear to present a federal question: Roundtree-McCrorey brings claims for

---

[4] *Id.* at 2.

neglect and abuse, but does not allege that the neglect or abuse violated any federal law. *See* 28 U.S.C. § 1331. The Court also does not have diversity jurisdiction, because Roundtree-McCrorey alleges that all the parties are from Connecticut.[5] *See* § 1332. And without jurisdiction over the case, I must dismiss it. Fed. R. Civ. P. 12(h)(3).

My second concern is that Roundtree-McCrorey's complaint does not allege a plain and simple statement of her claims and include facts that show that each of the named defendants should be liable for the wrongs that she alleges. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And it must back up the claim with "sufficient factual matter" to make it plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But Roundtree-McCrorey's allegations are fragmentary with little factual support at all. It appears from an exhibit attached to her complaint that the Department has some role in scheduling her children's doctor's appointments.[6] But even so, Roundtree-McCrorey does not plausibly allege that the Department or any of its employees did anything neglectful or abusive. According to the complaint, her children's appointment was originally scheduled for March 22, 2022.[7] But she filed the complaint on April 1. So when she filed the complaint, the appointment had been postponed by only ten days. Without more, Roundtree-McCrorey's complaint does not plausibly allege that this short delay amounts to abuse or neglect.

## CONCLUSION

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Roundtree-McCrorey has grounds to file an amended complaint or to show why the complaint

---

[5] *Id.* at 1.
[6] *Id.* at 8.
[7] *Id.* at 2.

should not be dismissed, she may file a response to this order to show cause by **May 5, 2022**.

It is so ordered.

Dated at New Haven this 21st day of April 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge